PER CURIAM.
In 2004, claimant, Alton Snearl, was injured in the course and scope of his employment with Kelly’s Industrial Services, Inc. (“Kelly”) when a “bush hog” tractor fell on him and crushed his ankle. Immediately after the accident, claimant was taken by ambulance to the emergency room of Baton Rouge General Medical Center. Dr. Ronald D. Sylvest, the orthopedist on duty, evaluated claimant’s condition. The next day, Dr. Sylvest performed surgery on claimant’s anWe and leg. That surgery was unsuccessful, requiring Dr. Sylvest to perform a second bone graft surgery. Following the surgeries, claimant continued to treat with Dr. Sylvest for approximately eight months. Thereafter, Dr. Sylvest released claimant to return to work without restrictions. Claimant objected, contending he was still in pain and could not return to his work as a laborer.
As a result, claimant requested that Kelly authorize him to be evaluated by the orthopedic surgeon of his choice, Dr. Thad Broussard. Kelly refused to authorize the evaluation, asserting claimant had selected Dr. Sylvest by continuing to treat with him after his initial treatment in the emergency room. Subsequently, claimant filed the instant disputed claim for compensation, arguing he was entitled to select Dr. Broussard as the orthopedist of his choice.
After a hearing, the hearing officer ordered that claimant was entitled to treatment with Dr. Broussard as his choice of physician in the field of orthopedic surgery. In written reasons for judgment, the hearing officer rejected Kelly’s argument that Dr. Sylvest was claimant’s orthopedist of choice and concluded that because Dr. Sylvest treated claimant on an emergency basis, he could not be the physician of choice of either party, pursuant to La. R.S. 23:1121(E).
Kelly applied for supervisory review of this ruling. The court of appeal denied the writ in a split decision, with one judge concurring and one judge dissenting. This application followed.
La. R.S. 23:1121 (B)(2)(a) provides that “[i]f the employee is treated by any physician to whom he is not specifically directed by the employer or insurer, that physician shall be regarded as his choice of treating physician.” It is undisputed that neither Kelly nor its insurer directed claimant to Dr. Sylvest. Under a plain reading of this statute, Dr. Sylvest must be considered to be claimant’s orthopedic surgeon of choice.
Nonetheless, claimant argues that Dr. Sylvest cannot be his physician of choice because La. R.S. 23:1121(E) provides that a physician who “administered emergency treatment only” shall not be considered *140 the physician of choice of either the employee or the employer. Claimant characterizes all of his treatment by Dr. Sylvest as emergency treatment and therefore concludes Dr. Sylvest cannot be his physician of choice.
While La. R.S. 23:1121(E) does not provide a specific time limit for the duration of “emergency treatment,” we find no support under the facts of this case for claimant’s assertion that his emergency treatment could last for eight months. Webster’s College Dictionary defines “emergency” as “a sudden, urgent, usu. unexpected occurrence requiring immediate action.” Under this definition, Dr. Sylvest’s initial treatment of claimant in the emergency room would constitute “emergency treatment.” However, after claimant’s condition was stabilized, he was free to consult other physicians if he wished. After this point, any further treatment by Dr. Sylvest was ordinary medical treatment and no longer constituted emergency treatment. Thus, the “emergency treatment” exception of La. R.S. 23:1121(E) does not apply.
Accordingly, the writ is granted. The judgment of the Office of Workers’ Compensation is reversed, and the case is remanded to the Office of Workers’ Compensation for further proceedings consistent with the views expressed herein.
JOHNSON, J„ dissents.